IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE ) <br> SEARCH OF A CELL PHONE ) <br> WITH T-MOBILE ) <br> ASSIGNED CALL NUMBER 580 ) <br> 850-5445 LOCATED IN THE ) <br> WESTERN DISTRICT OF ) <br> OKLAHOMA ) | <br><br><br><br>**25-MJ-181STE** <br>**Filed under Seal** |

## MOTION FOR PROTECTIVE ORDER

The United States of America, through Robert J. Troester, United States Attorney for the Western District of Oklahoma, and Griffin T. Pardales, Special Assistant United States Attorney, and moves, pursuant to Local Criminal Rules 4.1, for a Protective Order sealing the Application for a Search Warrant, the Affidavit, the Search Warrant, and any return made thereon, in the above-captioned case until further order of the Court with the exception of providing a copy of the warrant to the person from whom, or from whose premises the property was taken, or at the place where the property was taken, as required by Fed. R. Crim. P. 41(f)(l)(C).

A Protective Order is requested by the government for the reason that the above-styled matter is still in the process of investigation by the U.S. Fish and Wildlife Service, and exposure at this time of the evidence, the identities of potential local defendants, and matters contained in the Affidavit for Search Warrant will hamper the investigation.

Further, the Court has the authority to seal documents in appropriate circumstances. United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997) (finding that district court has authority to seal judicial documents "if right to access is outweighed by the interests favoring nondisclosure."); United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) ("All courts have supervisory powers over their own records and files" and may, in their discretion seal documents .... ); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980) ("It is beyond question that this court has discretionary power to control and seal, if necessary, records and files in its possession."). See also In re Knight Pub. Co., 743 F.2d 231, 234 (4th Cir. 1984) (In criminal cases, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interest."); see United States v. Martin, 7 46 F .2d 964 (3d Cir. 1984) (recognizing district court has authority to seal judicial records and documents); In re Knoxville News-Sentinel Co., 723 F.2d 470,474 (6th Cir. 1983) (finding court has power to seal files where a party's interest in privacy may outweigh the public interest in disclosure); Matter of Sealed Afjidavit(s) to Search Warrants, 600 F .2d 1256, 1257 (9th Cir. 1979) (per curiam) (holding that courts have inherent power to seal documents).

WHEREFORE, the government requests that the Court issue a Protective Orders sealing the Affidavit for Search Warrant, the Search Warrant, any return made thereon, and the Motion and Order sealing same, for a period of one year.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

GRIFFIN T. PARDALES
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Ft. Sill, Oklahoma 73503
(580) 442-3900
griffin.t.pardales.mil@army.mil